MADDOX, Justice.
This petition for mandamus presents this question: Is the State Superintendent of Banks an indispensable party in a declaratory judgment action wherein two local banks, located in Albertville, seek to determine whether a bank, located in Boaz, can continue to operate an automatic teller in a grocery store which is located within the corporate limits of Albertville, in view of a local act which prohibits branch banking.
The facts are as follows: On October 1, 1980, plaintiffs, Albertville National Bank and First State Bank of Albertville filed an action against the Sand Mountain Bank in which they alleged as follows:
1. That Albertville National Bank and First State Bank of Albertville conducted banking businesses in Albertville, Marshall County, Alabama, and that neither maintained or operated any branch banks outside the corporate limits of the City of Albertville.
2. That The Sand Mountain Bank had its principal place of business within the corporate limits of the city of Boaz, Marshall County, Alabama.
3. That, in June, 1980, The Sand Mountain Bank installed an automated teller machine and night depository in the Food World Grocery Store on U.S. Highway 431, within the corporate limits of the City of Albertville, and since the installation of the automatic teller, that The Sand Mountain Bank had continually operated the facility in the grocery store and had continually operated a courier service to that location.
4. That The Sand Mountain Bank’s automated teller machine which was located at the Food World Grocery Store was a “branch bank, branch office, branch agency, additional office, or branch place of business, for the receipt of deposits, payment of checks and conduct of a general banking business” within the meaning of Act No. 303 of the Acts of Alabama of 1973, which prohibits the establishment, maintenance and operation of a branch bank within any incorporated municipality in Marshall County, other than the municipality in which a bank’s principal place of business is situated.
Albertville National Bank and First State Bank of Albertville, in their action against The Sand Mountain Bank, asked the circuit court to interpret and construe Act No. 303 of the Acts of Alabama of 1973 to prohibit the operation by The Sand Mountain Bank of an automated teller machine in the Food World Grocery Store located in Albertville. On September 9, 1981, the defendant, The Sand Mountain Bank, filed a “motion to dismiss for failure to join indispensable party and for transfer of venue.” It asked the court to dismiss the action because the plaintiffs had failed to join Kenneth R. McCartha, Superintendent of Banks of the State of Alabama, as a party defendant to the action. The Sand Mountain Bank also asked the court to transfer the action to the Circuit Court of Montgomery County, Alabama, for final disposition. In its motion to dismiss for failure to join an indispensable party, The Sand Mountain Bank contended that regulations which were promulgated by the State Banking Department specially permitted the operation of automated teller machines such as the machine which it operated in the Food World Grocery Store in Albertville. The Sand Mountain Bank contended that it had applied for and received permission from the State Banking Department to operate the automated teller machine in the Food World Grocery Store in Albertville and that “the interest of the Superintendent of Banks of the State of Alabama and the subject matter of this action are such that if this Court were to grant the relief demanded by plaintiffs, it would have the effect of overruling [Electronic Fund Transfer] regulations [promulgated by] the State Banking Department and the authority of the Superintendent of Banks to act under them without the Superintendent of Banks having the opportunity to defend or justify those regulations in this action.” The trial judge denied the *930 motion of The Sand Mountain Bank to dismiss the action for failure to join an indispensable party on October 12, 1981. On November 9, 1981, The Sand Mountain Bank filed a motion for reconsideration, which the trial court denied on December 7, 1981. On December 8, 1981, William D. Jetton, Circuit Judge, who is the respondent in this petition for mandamus, issued a certificate in which he certified that his order denying The Sand Mountain Bank’s motion to dismiss the action on the ground that the plaintiffs had failed to join an indispensable party involved a controlling question of law as to which there was a substantial ground for differences of opinion and that an immediate appeal from the order would materially advance the ultimate determination of the litigation, and that an appeal would avoid protractive and expensive litigation. Subsequently, The Sand Mountain Bank sought to appeal the action of the trial judge under the provisions of Rule 5(d), A.R.A.P. This Court, on the 19th day of January, 1982, denied the petition of The Sand Mountain Bank for permission to appeal from the interlocutory order entered by Circuit Judge Jetton on December 7, 1981.
On March 18, 1982, The Sand Mountain Bank filed this petition for writ of mandamus and asked that we order the trial judge to dismiss the declaratory judgment action on the ground that the plaintiffs had failed to join an indispensable party.
This Court ordered the respondents, William D. Jetton, as Circuit Judge of the Twenty-Seventh Judicial Circuit, Marshall County, Alabama, and Albertville National Bank and First State Bank of Albertville to answer The Sand Mountain Bank’s petition for writ of mandamus, and the respondents have now filed their answers.
The parties are in agreement that the issue presented is re viewable by mandamus; therefore, we need only to address the question whether the State Superintendent of Banks is an indispensable party to this litigation.
To answer this question, we necessarily must determine whether, in the absence of the Superintendent of Banks as a party, “complete relief cannot be accorded among those already parties.” Rule 19, A.R.C.P.
We have found one case in the federal system wherein a similar question was presented. That case is Suburban Trust Company v. National Bank of Westfield, 211 F.Supp. 694 (D.N.J.1962), and it involved a question very similar to the one here, that is, whether the comptroller of the currency was an indispensable party in a case involving a question of branch banking. There, the Court held:
“Suburban prays that this Court adjudge that the operation of defendant’s banking facility in Mountainside ‘is improper and any order or approval permitting the same is invalid.’ The reference in the quoted prayer to an approval of the defendant’s banking activities in Mountainside relates to the allegation in the complaint that the Comptroller of the Currency approved defendant’s application for permission to establish a branch banking office in Mountainside. One whose conduct is drawn in question, whether he be an individual or an official, may be made a party to the litigation. F.R.C.P. 21.
“The plaintiffs contend that the Comptroller’s approval lacks statutory support because the language of New Jersey statute precludes the opening of a branch in Mountainside by National. The Comptroller clearly has a visitorial and supervisory function over National banks. His approval of certain contemplated acts by such banks is expressly required. However, the limitations on branch banking by National banks are statutory, and if they stand in the way of opening a particular branch, the approval of the Comptroller cannot override the statute. Because, therefore, the question presented in the present cases is the single one of whether the National bank was entitled to establish and operate a branch bank in Mountainside, even with the approval of the Comptroller, the Comptroller is clearly not an indispensable party, because the fact of his approval becomes irrelevant *931 and immaterial to the question presented. Johnson v. Kirkland, 5 Cir. 1961, 290 F.2d 440, 445.
“The Comptroller’s interest is not such that a final decree cannot be entered without affecting him. See State of Washington v. United States, 9 Cir. 1936, 87 F.2d 421.”
We believe that a final decree can be rendered in this action without the presence of the Superintendent of Banks as a party, because the Superintendent of Banks’ approval of the automatic teller to be operated by The Sand Mountain Bank in Albert-ville, if not authorized by law, cannot override the law; therefore, we are of the opinion that the petition by The Sand Mountain Bank for mandamus is due to be denied.
The result we reach here is based, in part, upon the practical consideration that the record affirmatively shows that the Superintendent of Banks is aware that his predecessor approved the operation of the automatic teller by The Sand Mountain Bank, that the pending action challenges the validity of that action by his predecessor, and that the Superintendent of Banks has not made any motion to intervene in the pending litigation or to join in the petition for mandamus filed here by The Sand Mountain Bank.
Our denial of mandamus should not be understood as expressing any opinion on the basic legal question of whether the automated teller is a branch bank; neither should this opinion be understood as holding that an administrative officer is never an indispensable party to litigation which might affect action taken by that administrative officer. Neither should this opinion be authority for the procedure to be followed once Act No. 81-855 becomes effective. We merely hold that the petitioner here has failed to show sufficient facts to require us to exercise our extraordinary supervisory powers to revise an order of the circuit judge.
WRIT DENIED.
TORBERT, C. J., and JONES, SHORES and BEATTY, JJ., concur.